UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CUREE COLEMAN | * | CIVIL DOCKET NO. 20-01585 |
| | * | |
| VERSUS | * | JUDGE:  ELDON E. FALLON |
| | * | |
| MATTHEW GUNTER, TVS, INC. D/B/A | * | |
| DEEP SOUTH FREIGHT, AND STARR | * | |
| INDEMNITY & LIABILITY COMPANY | * | MAG:  MICHAEL NORTH |
| | * | |

*************************************************************************

### ANSWER OF DEFENDANT, TVS, INC. D/B/A DEEP SOUTH FREIGHT, TO PETITION FOR DAMAGES AND TRIAL BY JURY

**NOW INTO COURT**, through undersigned counsel, comes Defendant, TVS, Inc. d/b/a Deep South Freight ("Defendant"), which answers the Petition for Damages of Plaintiff, as follows:

### FIRST DEFENSE

The Petition for Damages fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Petition for Damages is barred by the applicable statute of limitations, prescription, preemption and/or laches.

### THIRD DEFENSE

Answering separately the allegations of the original Petition for Damages, Defendant avers as follows, responding only for itself and for no other party and denying all allegations against it except as follows:

**AND NOW IN FURTHER RESPONSE TO THE NUMBERED PARAGRAPHS** of the Petition for Damages.

I.

The allegations contained in Paragraph 1 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

II.

The allegations contained in Paragraph 2 of Plaintiff's Petition for Damages do not require a response on the part of answering Defendant.  However, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

III.

The allegations contained in Paragraph 3 of Plaintiff's Petition for Damages are admitted as to the status of TVS, Inc. d/b/a Deep South Freight only.  All other allegations are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations contained in Paragraph 4 of Plaintiff's Petition for Damages are denied.

V.

The allegations contained in Paragraph 5 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations contained in Paragraph 6 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations contained in Paragraph 7 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations contained in Paragraph 8 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations contained in Paragraph 9 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

X.

The allegations contained in Paragraph 10 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations contained in Paragraph 11 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XII.

The allegations contained in Paragraph 12 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations contained in Paragraph 13 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations contained in Paragraph 14 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations contained in Paragraph 15 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XVI.

The allegations contained in Paragraph 16 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XVII.

The allegations contained in Paragraph 17 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XVIII.

The allegations contained in Paragraph 18 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XIX.

The allegations contained in Paragraph 19 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XX.

The allegations contained in the "WHEREFORE" paragraph of Plaintiff's Petition for Damages do not require a response on the part of Defendant. However, to the extent that an answer is required, the allegations are denied.

XXI.

**AND NOW, IN FURTHER ANSWER**, Defendant avers as follows:

## FOURTH DEFENSE

That the accident in question was not caused by any negligence, fault and/or liability on the part of Defendant but was caused solely and through the negligence and/or comparative negligence of Plaintiff, Curee Coleman, or others, including but not limited to the acts of negligence listed below and others to be shown at trial:

- a. Failure to exercise reasonable care under the circumstances prevailing at the time of the incident;

- b. Failure to take proper precaution to avoid the incident and any alleged injuries;

- c. Failure to do any act by which the incident made the basis of this litigation could have been avoided;

- d. Failure to act as a reasonable and prudent person would act under the same or similar circumstances;

- e. Failure to be attentive to surroundings and act in a prudent and cautious manner for the protection of self;

- f. Failure to keep a proper lookout;

- g. Failing to see what should have been seen; and

- h. Any and all other acts and/or omissions constituting negligence and/or liability which may be shown at the trial of this matter.

## FIFTH DEFENSE

In the event that discovery reveals so, answering Defendant affirmatively avers that the claims herein are barred by prescription.

## SIXTH DEFENSE

In the event that discovery reveals so, answering Defendant affirmatively avers that the claims herein are barred by settlement and compromise and by releasing other parties.

**SEVENTH DEFENSE**

Answering Defendant affirmatively avers that the damages alleged herein were caused by the fault or negligence of others, including Plaintiff, for whom this Defendant is not liable or responsible.

**EIGHTH DEFENSE**

Answering Defendant affirmatively avers that the damages alleged herein were due to the superseding and intervening fault of others, including but not limited to Plaintiff for whom this Defendant is not liable or responsible.

**NINTH DEFENSE**

Answering Defendant affirmatively avers that any fault or negligence on the part of Defendant, said negligence and fault denied herein, was not a proximate cause of the damages alleged herein.

**TENTH DEFENSE**

The Petition for Damages fails to state a cause of action upon which relief may be granted.

**ELEVENTH DEFENSE**

Plaintiff's claims are, or may be, barred in whole or in part by Plaintiff's failure to take reasonable measures to mitigate his damages.

**TWELFTH DEFENSE**

Answering Defendant affirmatively pleads that to the extent it is established that, Curee Coleman, the vehicle operator and a Plaintiff herein, failed to maintain compulsory motor vehicle liability insurance, Plaintiff is precluded from recovery of the first $15,000 in bodily injury damages and $25,000 in property damage, pursuant to the provisions of La. Rev. Stat. Ann. § 32:866.

### THIRTEENTH DEFENSE

Answering Defendant avers, that in the event discovery so reveals, Plaintiff's alleged injuries are the result of a pre-existing condition and or subsequent injury for which answering Defendant did not cause and are not liable for.

### FOURTEENTH DEFENSE

Defendant avers that it is not liable under the doctrine of vicarious liability and/or *respondeat superior*.

### FIFTEENTH DEFENSE

Answering Defendant affirmatively pleads that, to the extent it is established Curee Coleman, plaintiff herein, is in excess of twenty-five (25%) negligent as a result of a blood alcohol concentration in excess of prescribed limits or as result of being under the influence of a controlled dangerous substance, and such negligence was a contributing factor causing the alleged damage, Answering Defendants are immune from liability pursuant to the provisions of La. Rev. Stat. Ann. § 9:2798.4.

### SIXTEENTH DEFENSE

In the event discovery and investigation reveals sufficient information to support any affirmative defense as stated in Rule 8(c), Defendant affirmatively pleads all such defenses including but not limited to contributory negligence, assumption of risk, fraud and illegality.

### SEVENTHEETH DEFENSE

Answering Defendant expressly reserves by this reference the right to raise additional defenses to the extent that:

1. Additional defenses become applicable under state and/or federal law.
2. Additional defenses are established as discovery proceeds.

3. Additional defenses are available under subsequently asserted theories of recovery.

4. Any additional defenses are plead by another named Defendant that is not adverse to this Defendant and is not otherwise set forth herein.

XXII.

Defendant requests a trial by jury on all issues herein.

**WHEREFORE**, Defendant, TVS, Inc. d/b/a Deep South Freight, prays that this Answer be good and sufficient and after due proceedings judgment be rendered herein dismissing the claims of Plaintiff, with prejudice, at her cost. Defendant further prays for all legal, general and equitable relief to which it may be entitled and request a trial by jury on all issues herein.

Respectfully submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER, WEINSTOCK & BOGART**

s/Andrew D. Weinstock

_____
**ANDREW D. WEINSTOCK #18495
RACHEL M. ANDERSON #38658**
3838 N. Causeway Boulevard, Suite 2900
Metairie, LA 70002
Telephone: (504) 832-3700
Facsimile (504) 324-0676
andreww@duplass.com
randerson@duplass.com
**Counsel for Defendant, TVS, Inc. d/b/a Deep South Freight**